1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

11

| CESAR VASQUEZ, | CV F   05-1023  AWI SMS P |
|---|---|

Plaintiff,

ORDER DISMISSING COMPLAINT WITH
LEAVE TO AMEND (Doc. 1 )

v.

ORDER DIRECTING CLERK OF COURT TO
SEND PLAINTIFF BLANK CIVIL RIGHTS
FORM

MENDOZA-POWERS, et. al.,

Defendants.

_____/

Cesar Vasquez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in
this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on August
9, 2005, naming Warden Mendoza-Powers, Chief Medical Officer H. Smith, Dr. D. Smith, Dr.
Dexter N. Weed, and Dr. J.G. Henry as Defendants.

**A.  SCREENING STANDARD**

The court is required to screen complaints brought by  prisoners seeking relief against a
governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff states that on October 29, 2003, he was seen by Defendant Weed for complaints of stomach pain, constipation and rectal bleeding. Plaintiff states that no rectal exam was performed by Dr. Weed but that he was prescribed Metamucil and scheduled for a full exam later. Plaintiff states he was again seen by Defendant Weed on May 4, 2004, for the same symptoms and was diagnosed with an anal fissure. The services of Defendant J.G. Henry were requested. On May 27, 2004, Dr. Henry performed an anal exam and prescribed Plaintiff Metamucil. Defendant Henry also requested Plaintiff return to the clinic in 6-8 weeks. On September 23, 2004, Plaintiff was again examined by Defendant Henry and also diagnosed him with an anal fissure and prescribed Metamucil. Plaintiff was told to return if his condition did not improve in 4-6 weeks. Plaintiff returned on September 30, 3005, complaining of anal pain and bleeding. Metamucil was again prescribed. Plaintiff returned on February 3, 2005, and Defendant Henry recommended surgery for the anal fissure. It was determined that Plaintiff had an abscess next to the anus which was draining pus. A proctoscopy was performed and the anal fistula was repaired. Plaintiff states he was examined again on March 8, 2005, by Defendant Smith and was prescribed a rectal cream. Plaintiff returned to Dr. Smith on March 22, 2005 and was examined for complaints of rectal bleeding and pain.

Plaintiff alleges that he was allowed to suffer for 18 months with a draining abscess which caused him pain.  Plaintiff states that medical staff failed to promptly attend to his need for treatment.

**C.  CLAIMS FOR RELIEF**

### 1. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, the plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### 2. Eighth Amendment

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.

1   A prison official does not act in a deliberately indifferent manner unless the official "knows of

2   and disregards an excessive risk to inmate health or safety." Id.

3       In applying this standard, the Ninth Circuit has held that before it can be said that a

4   prisoner's civil rights have been abridged, "the indifference to his medical needs must be

5   substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

6   cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing

7   Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or

8   treating a medical condition does not state a valid claim of medical mistreatment under the

9   Eighth Amendment. Medical malpractice does not become a constitutional violation merely

10   because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v.

11   County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050

12   (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136

13   (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate

14   indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.

15   1990).

16       In this case, Plaintiff's complaints are generally about medical care. However, Plaintiff

17   does not allege facts indicating that Defendants knew of and disregarded a serious risk to his

18   medical health. On the contrary, according to the Complaint, each time Plaintiff went to he

19   medical clinic complaining about pain and bleeding, he was examined and given a prescription.

20   Plaintiff states that it was at the time of surgery that it was discovered that he had an abscess that

21   was draining pus. At best, Plaintiff's allegations state a claim for negligence. However, Plaintiff

22   may not maintain in a civil rights action a sole claim of negligence. As noted above, the Civil

23   Rights Act remedies federal constitutional violations. Plaintiff does not allege facts that give rise

24   to a federal constitutional violation. Even had Plaintiff alleged sufficient facts, he fails to link

25   any named Defendant to an act or omission giving rise to such a violation.

26       *3. Supervisory Liability*

27       The Court notes that Plaintiff names at least 2 persons in supervisory positions.

28   Supervisory personnel are generally not liable under Section 1983 for the actions of their

4

employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory Defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that any of the named Defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646.

**D. CONCLUSION**

The Court finds that Plaintiff's complaint does not contain any claims upon which relief can be granted under § 1983 against any of the Defendants. The Court will provide Plaintiff with time to file an Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The Amended Complaint must specifically state how each Defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423,

1  U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

2  F.2d 740, 743 (9th Cir. 1978).

3        Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint

4  be complete in itself without reference to any prior pleading. As a general rule, an Amended

5  Complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

6  1967). Once an Amended Complaint is filed, the original Complaint no longer serves any

7  function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each

8  claim and the involvement of each defendant must be sufficiently alleged. The Amended

9  Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the

10 appropriate case number, and be an original signed under penalty of perjury.

11 **E. ORDER**

12        The Court HEREBY ORDERS:

13        1.        The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights

14                  complaint form;

15        2.        The Complaint is DISMISSED with leave to amend. WITHIN THIRTY (30) days

16                  from the date of service of this order, Plaintiff SHALL:

17                  a.        File an Amended Complaint curing the deficiencies identified by the Court

18                            in this Order, or

19                  b.        Notify the Court in writing that he does not wish to file an Amended

20                            Complaint and pursue the action but instead wishes to voluntary dismiss

21                            the case. See, Fed.R.Civ.P. 41(a)(1).

22        Plaintiff is forewarned that his failure to comply with this Order may result in a

23 Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

24 IT IS SO ORDERED.

25 **Dated:    November 1, 2006**                    **/s/ Sandra M. Snyder**
   icido3                                          UNITED STATES MAGISTRATE JUDGE

26

27

28

6